GLUCK BROTHERS, INC.

*v.*

MARTHA TURNER, Administratrix, et al.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

H. M. McCAMPBELL, JR., Knoxville, TAYLOR & INMAN, Morristown, for appellants.

G. HOWARD NEVILS, Tazewell, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Martha Turner as Administratrix of the estate of her son, Gordon Turner, brought this action in the Circuit Court of Hamblen County to recover compensation benefits for his death under the Workmen's Compensation Act of Tennessee, T.C.A. sec. 50-901 et seq. The petition alleges that Martha Turner and Frank Turner were parents of the deceased, Gordon Turner, and that they are the sole next of kin of said deceased. The original petition was amended to charge that the petitioners were wholly dependent upon him at the time of his accidental death; that he was a regular employee of the defendant; that his death arose out of and in the course of his employment.

The defendant filed an answer in which it not only denied that the deceased was an employee but denied that petitioners were wholly dependent upon him for support.

The trial judge found in favor of the petition, holding that he was an employee of the defendant and that Marthat Turner and Frank Turner were 80 per cent dependent upon the deceased for support. The defendant was granted an appeal, and we now have the case for decision under appropriate assignments of error.

The assignments of error present but' one determinative issue, to wit, was the deceased an employee of Gluck Brothers at the time of his accidental death? If he was not we need no consider any other issue on this appeal, such as dependency. No question of law is involved.

The circumstances under which Gordon Turner was killed are, as follows:

The defendant is a foreign corporation and is engaged in the manufacturing business in Morristown. It is domesticated and is authorized to carry on its said business in this State. Prior to the date of the accident the deceased was an employee of the defendant and was carried on its payroll until April 3, 1958. The deceased was killed on July 31, 1958, while driving a truck from Windsor, North Carolina; it was loaded with plywood, the property of Gluck Brothers, and was to be delivered to defendant in Morristown. As a result of the accident the truck was overturned and burned.

We now consider the facts and circumstances which was the occasion of the deceased's trip to North Carolina and his return to Tennessee with the cargo of plywood. A former employee of Gluck Brothers, a Mr. Rodermund,

had employed George Harrison of Morristown to take a truck load of his furniture to Lexington, North Carolina. Harrison was anxious to have a load on his return to Morristown. He thereupon contacted Mr. Van Gilder, Purchasing Agent for Gluck Brothers, to find out if the latter had any product which he could bring back to Morristown. Mr. Van Gilder testified, as follows:

"Q. Will you tell the Court the circumstances under which you arranged for the shipment of that plywood to Morristown, please sir? Who talked to you about it, and what did you do? A. George Harrison came in my office and asked me if I had any return loads, and I said yes.

"Q. Did he tell you why he was looking for a return load? A. Yes, he did.

"Q. Just tell what he said about it. A. He says, 'I need a return load,' and said, 'I'm moving Rodermund,' Mr. Rodermund who was a former superintendent there, and says, 'You know I don't make much on moving anybody,' and says, 'You got a load,' and I said, 'Yes.'

"Q. Did you tell him where that load was? A. Yes, sir.

"Q. Did you have any conversations with him about the relationship of distance between where it was and where the Rodermund load was going to? A. Yes, sir. I said I didn't understand how he could make any money because of the long distance to Lexington and Windsor.

"Q. What did Harrison say? A. Said he could make it all right.

"Q. As a result of that conversation did you deliver to Mr. Harrison any kind of paper that would authorize a pick up of that load? A. I took him in the other office and Mrs. Snyder, I believe, was on the desk at that time, and I told her to give him a pick up."

It is not disputed that the deceased, Gordon Turner, was given a paper writing addressed "to Bearer" which authorized the consignor, Lea Lumber Company of Windsor, North Carolina, to deliver the plywood to Turner, the driver of the Harrison truck.

Now the learned trial judge found as an important fact that the defendant ordered the deceased to go to North Carolina and bring back the load of plywood to Morristown. The foregoing testimony of Mr. Van Gilder is to the contrary. It is undisputed and is the only evidence which explains the trip to North Carolina, what its purpose was as well as the circumstances of the return trip. With all deference to the trial court, there is no evidence that Gluck Brothers *ordered* the deceased, or *directed* him, to do anything.

Contrary to the finding of the trial court that the deceased was the *agent of Gluck Brothers* we think he was the agent of Harrison. This truck was the property of Harrison; it was not leased to Gluck Brothers as counsel for appellee contends. Nor was it insured by the defendant. The cargo of plywood was insured by the defendant because it was his property.

Considering now the record, as further bearing upon the deceased's employment by the defendant, the undisputed testimony of Miss Mary Elizabeth Gregg is, as follows:

"Q. Now Miss Mary Elizabeth, as payroll clerk at Gluck Brothers, was Gordon Turner ever rehired by Gluck Brothers after his discharge in April? A. No, sir.

"Q. And was he paid anything in connection with this trip to North Carolina to haul the furniture for Mr. Rodermund and bring back plywood? A. No, sir.

"Q. Did he ever receive a check from Gluck Brothers of any kind after his discharge on April 3, 1958? A. No, sir."

Thus we have the foregoing undisputed testimony that the deceased was not an employee of Gluck Brothers at the time of his accidental death.

The authorities cited on the appellee's brief do not control the case at bar. The law applicable to a "loan servant" has no application to the facts of the instant case. The authorities applicable to independent contractors are not controlling in the case at bar. We are content to hold that the deceased was not an employee of the defendant.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the case dismissed.